IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**ALISE MANESS,**

      **Plaintiff,**                                **No.:**

**v.**                                            **JURY DEMAND**

**APRIA HEATHCARE, INC.;**

      **Defendant.**

## COMPLAINT

THE PLAINTIFF, Alise Maness, files this Complaint against the Defendant, Apria Healthcare, Inc.  She shows:

### I.
### PRELIMINARY STATEMENT

1. This diversity jurisdiction and FMLA case is brought under the Tennessee Maternity Leave Act and Tennessee Human Rights Act, Tenn. Code Ann. §§4-21-408 (TMLA) and 4-21-101 *et. seq*. (THRA) which proscribes discriminatory employment practices based upon maternity leave and pregnancy, and the FMLA, which affords persons leave from work, with reinstatement, due to the "serious health condition" of pregnancy.

### II.
### PARTIES, JURISDICTION, AND VENUE

2. The Plaintiff is Alise Maness, a resident of Jackson, Tennessee.

3. The Defendant is Apria Healthcare, Inc, which is a foreign corporation

(Delaware), operating in Jackson, Tennessee (Madison County).

4. This Court has jurisdiction pursuant to diversity of citizenship, as this case involves "citizens" of different states and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a)(1).  Further, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

5. Venue in this Western District of Tennessee, Eastern Division, is proper pursuant to 28 U.S.C. §1391, because the Defendant does business in this district or resides in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

### III.
### FACTUAL BASES FOR SUIT

6. Plaintiff began work for Defendant on October 4, 2010.

7. Plaintiff's position was Customer Service for Refills, working within Defendant's CIGNA division.  This included several states within the United States.

8. Defendant adopted a quota system whereby Customer Service personnel, like Plaintiff, were required to maintain a daily call and/or refill list.

10. When Plaintiff began, she was often unable to meet the quota system that was in place despite long hours and very hard work to do so.  However, Plaintiff's work ethic was so strong that, after her first 120 days (October to February), she was retained by Defendant.

11. After her 120 days, Plaintiff advised Defendant that she was pregnant.

12. Defendant's quota system for refills changed and was haphazard.  For example, Defendant began stating different quotas, for example, "Today we need 20 refills," or "Today we need 25 refills," or other.

12. After Plaintiff complained about the changing quota systems and unrealistic demands, coupled with being disciplined in writing for not meeting the demands, Defendant

agreed and required Plaintiff to show <u>one</u> of the following: a daily goal of 30 refills OR 3 pages of calls made (because, often, the effort was expended by Plaintiff, but the refills simply were not needed by the clients). Plaintiff agreed to this system.

13. On or about September 28, 2011, Defendant terminated Plaintiff's employment. The reason given was that Plaintiff did not show "30 daily refills," even though that quota system had been changed.

14. The true, substantial, motivating, or mixed motive in terminating Plaintiff is that she was just about to become eligible to exercise certain medical leave rights. Specifically, under both the FMLA and the Tenn. Maternity Leave Act, Plaintiff would have enjoyed time off for pregnancy (12 weeks under FMLA, and 4 months under TMLA). By terminating Plaintiff's employment six days before she vested under FMLA and TMLA, Defendant avoided the obligation of granting Plaintiff maternity leave and having to legally restore her to her position.

15. The termination of Plaintiff's employment caused Plaintiff to lose her wages (back pay and either front pay or reinstatement). It also removed her health insurance benefits while she was pregnant. As a result, she lost her OBGYN at the Woman's Clinic in Jackson, Tennessee. The termination caused Plaintiff great anxiety, distress, worry, and emotional harm.

15. Plaintiff seeks injunctive relief to include reinstatement. She seeks damages to include all lost wages (back pay and, if applicable, front pay), compensatory damages for the emotional experience of being fired under these circumstances due to her pregnancy, and her attorneys fees and costs. She seeks liquidated damages under the FMLA for the willfulness.

## IV.
## CAUSES OF ACTION

16. The foregoing facts are incorporated.

17. Plaintiff brings the following causes of action against the Defendant:

    a.    Termination of Plaintiff in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101, due to pregnancy;

    b.    Termination of Plaintiff to preclude her from exercising her rights under the FMLA;

    c.    Termination of Plaintiff to preclude her from exercising her rights under the Tennessee Maternity Leave Act §4-21-101 et. seq.;

18. Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendant Answer this Complaint, that Plaintiff be Awarded all monetary and compensatory damages available, any other equitable relief, liquidated damages, injunctive relief, attorneys fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which she may be entitled.

Respectfully submitted,

GILBERT RUSSELL McWHERTER PLC

/s/ Justin S. Gilbert
JUSTIN S. GILBERT (017079)
JONATHAN BOBBITT (23515)
101 North Highland
Jackson, Tennessee 38301
(731) 664-1340
(731) 664-1540 (Facsimile)

*ATTORNEYS FOR PLAINTIFF*